THOMAS FITZPATRICK, EDWARD HLUB AND JOHN BOSZE, PLAINTIFFS-APPELLANTS, v. CIVIL SERVICE COMMISSION, DEFENDANT-RESPONDENT, AND STANLEY SZYBA, ANDREW PROSS, ANDREW CALVANER, JOHN KAHORA, JOSEPH MUSCO, FRANCIS LARKIN, STEPHEN KUNAK, CLARENCE SHERIDAN AND RALPH WHITE, INTERVENING CODEFENDANTS - RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 6, 1966—Decided June 29, 1966.

Before Judges GOLDMANN, FOLEY and COLLESTER.

*Mr. Thomas E. Durkin, Jr.* argued the cause for appellants.

*Mr. Roger H. McGlynn* argued the cause for intervening-respondents (*Messrs. McGlynn, Stein & Eberiel,* attorneys).

*Mrs. Marilyn Loftus Schauer,* Deputy Attorney General, filed a statement in lieu of brief for respondent Civil Service Commission (*Mr. Arthur J. Sills,* Attorney General, attorney).

PER CURIAM. Plaintiffs, three police officers of the Borough of Carteret, appeal from a decision of the Civil Service Commission which upheld the borough's action in promoting ten police officers without calling for a competitive examination. The ten men involved intervened in the proceedings as co-defendants.

The material facts are as follows. On December 20, 1956 the outgoing governing body of the borough adopted an ordinance increasing the size of its police force and a resolution promoting 14 police officers to fill the vacancies created. On January 17, 1957 the incoming administration adopted

an ordinance and a resolution which undid the action taken the month before, and effectively demoted the officers to the positions they formerly occupied. The resolution stated that "it is not deemed in the best interest of the Borough of Carteret to continue the promotions of said various personnel of the Police Department to such ranks and grades."

In January 1960 the borough adopted the provisions of the Civil Service Act, and during the summer of 1963 it sought the advice of the Civil Service Department concerning the status of the ten intervenors. (Four of the 14 officers demoted in 1957 were no longer in the department.) The borough was advised that such officers were entitled to reemployment rights, *i. e.,* preferential status, for promotions under *R. S.* 40:11–10 *et seq.* As a result the governing body, on January 20, 1964, adopted a resolution promoting the ten men without calling for a competitive examination. Plaintiffs appealed to the Civil Service Commission. Defendants contended that the police officers had been demoted in rank in 1957 for reasons of economy and that their statutory reemployment rights entitled them to be restored to their higher ranks without a competitive examination.

The Civil Service Commission held that since the demotions were not the result of disciplinary action taken against the police officers, and the only stated reason therefor was the best interest of the borough, there was a presumption that the borough acted for reasons of economy which resulted in an annual saving of salaries totaling $4,200. It held that plaintiffs failed to sustain the burden of proof to show that economy was not the compelling reason for the demotions. It concluded that the intervenors acquired reemployment rights under *Title* 40 (*R. S.* 40:11–10 and 11) and that such rights were carried over under *Title* 11 when Civil Service was adopted. It upheld the promotion of the intervenors, to the ranks formerly held by them, without a competitive examination.

Plaintiffs appeal, contending that (1) the proofs do not support the finding that the 1957 demotions were made

for reasons of economy, and (2) reemployment rights acquired under *Title* 40 are not carried over under *Title* 11.

Plaintiffs concede that demotions of police officers under *Title* 40 could be made only on one of two grounds—economy (*R. S.* 40:11–10 and 11), or for cause (*N. J. S. A.* 40:47–6) —and that the intervenors were not demoted for cause.

*R. S.* 40:11–10 provides that when the governing body of a municipality shall, for reasons of economy, decrease the grade or rank of members of the police department it shall demote such officers to the next rank below. *R. S.* 40:11–11 provides that if any officer shall be demoted to a lower rank or grade, such officer shall be carried on a special list, and when promotions are made to a higher rank or grade the persons demoted on the ground of economy shall be the first to be restored to the rank from which they were demoted.

Plaintiffs' claim that the demotions were not made for reasons of economy is based primarily on the fact that the 1957 resolution did not expressly so state, and because the borough that year granted general wage increases to all members of the police department.

We think that the across-the-board salary increases granted in 1957 do not defeat the claim that the demotions were made for economy. It was undoubtedly preferable to give equal raises to all police officers than substantial increases to a few at the expense of others. The general increase unquestionably reflected the governing body's interest in maintaining the morale of its entire police force, in helping to meet the cost of living level, and in maintaining a competitive position in recruitment. See *Fricke v. City of Grand Rapids*, 278 *Mich.* 323, 270 *N. W.* 697, 700 (*Sup. Ct.* 1936).

Plaintiffs also claim that failure of the borough to carry the names of the intervenors on a special list of demoted employees, who were entitled to priority in promotions as provided for by *R. S.* 40:11–11, is further proof that the demotions were not made for reasons of economy. We consider the argument to be without merit. The absence of a special list as a physical document cannot defeat an em-

ployee's rights to promotion. Moreover, it is undisputed that such a list could be prepared from the January 1957 resolution itself, where the names and ranks of those demoted were specifically set forth.

There is a presumption that the municipality acted in good faith and in accordance with law when it demoted the intervenors in 1957. We find nothing in the record to show that it did otherwise. We agree with the findings and conclusions of the Civil Service Commission that plaintiffs failed to sustain the burden of proof that economy was not the compelling reason for the demotions in 1957.

Plaintiffs also contend that if the intervenors acquired reemployment rights under *Title* 40, such rights were not retained when the borough adopted Civil Service under *Title* 11. We disagree. It would be clearly unjust to strip away reemployment rights to which the intervenors were entitled under *Title* 40 because the borough adopted the Civil Service Act in 1960. We are satisfied that *N. J. S. A.* 11:21-6 preserves the rights of all those who were in municipal employment at the time the borough adopted Civil Service.

We have considered the other points raised by plaintiffs in their brief and find them to be without merit.

The judgment of the Civil Service Commission is affirmed.